IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO FRANKLIN JOHNSON, )
)
Petitioner, )
)
v. ) CASE NOS. CV417-055
) CR414-415
UNITED STATES OF AMERICA, )
)
Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 10), to which objections have been filed (Doc. 13). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner contends that that his counsel was ineffective for failing to object to the Presentence Investigation Report's ("PSI") conclusion that Petitioner had committed two predicate offenses under

guideline section 2K2.1(a)(2). Petitioner argues that his North Carolina conviction for Assault With a Deadly Weapon With Intent to Cause Serious Injury ("AWDWISI"), N.C. Gen. Stat. Ann. § 14-32(b), is not a crime of violence as defined in guideline section 4B1.2. While Petitioner may becorrect concerning his AWDWISI conviction, see, e.g., United States v. Geddie, 125 F. Supp. 3d 592 (E.D.N.C. 2015), the PSI states that in that same North Carolina case Petitioner also pled guilty to conspiracy to commit robbery with a dangerous weapon. The Fourth Circuit Court of Appeals has previously determined that this offense still qualifies as a crime of violence under § 2K2.1 despite the Supreme Court's invalidation of the Armed Career Criminal Act's residual clause. See United States v. Perry, ___ Fed. App'x ___, 2017 WL 3530882 (4th Cir. 2017) ("We therefore reject [defendant's] argument that his conviction for North Carolina conspiracy to commit robbery with a dangerous weapon is not a crime of violence under the force clause set forth in USSG § 4B1.2(a)(1)."). Combined with his Georgia conviction for possession of cocaine with intent to distribute, Petitioner has "at least two felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (U.S. Sentencing Comm'n 2016). Because this argument lacks

2

merit, the Court agrees with the Magistrate Judge that Petitioner's counsel was not ineffective for failing to raise it at sentencing.

SO ORDERED this 29th day of September 2017.

*[signature]*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA